In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00292-CV
_____

**OAK MANAGEMENT SERVICES, INC. AND BURMONT, INC., Appellants**

**V.**

**CATHY MELANCON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MURIEL BOGGAN, DAVID BOGGAN, JOHN BOGGAN, BRUCE BOGGAN, SUSAN RYE, AND CAROL NASH, Appellees**

**On Appeal from the 88th District Court**
**Hardin County, Texas**
**Trial Cause No. 52315**

## MEMORANDUM OPINION

This accelerated appeal of a health care liability case requires that we decide whether appellants, added after the suit was initially filed, and who are allegedly liable solely on a theory of vicarious liability for the conduct of the defendant named in Plaintiffs' Original Petition, are required to be served with expert reports. We hold that the Texas Medical Liability Act requires an expert report be served on the newly added defendants addressing the health care liability claims for which the plaintiffs are

1

attempting to hold newly added defendants liable. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001-74.507 (West 2011 & Supp. 2012). Because Oak Management Services, Inc. and Burmont, Inc. were not served with an expert report after being added to the suit, we hold the trial court abused its discretion by denying their motion to dismiss. We reverse the order denying the motion to dismiss. We remand the case to the trial court for an order dismissing the claims against Oak Management and Burmont with prejudice and awarding those entities reasonable attorney's fees and costs of court. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b) (West 2011).

Background

Muriel Boggan died while residing in a nursing home operated by Silsbee Oaks Health Care, L.L.P.[1] On June 27, 2011, the Boggans, Cathy Melancon, Individually and as Personal Representative of the Estate of Muriel Boggan, David Boggan, John Boggan, Bruce Boggan, Susan Rye, and Carol Nash filed a suit alleging that the negligence of Silsbee caused Muriel's personal injury and death. The plaintiffs' petition alleges Muriel was to receive a pureed diet, but the nursing home fed her a doughnut on which she choked, causing her death by asphyxia. With the original petition, the Boggans served Silsbee with expert reports from a pathologist and a dietician. Subsequently, the Boggans amended their original petition, adding as defendants Oak Management and Burmont.

---

[1]We issued a separate opinion that concerns Silsbee's interlocutory appeal with respect to the expert reports that were served on it in Cause No. 52315. *See Silsbee Oaks Health Care, L.L.P. v. Melancon,* No. 09-12-00293-CV (Tex. App.—Beaumont Oct. 25, 2012, no pet. h.).

The amended petition alleges that Oak Management and Burmont wholly own and participate in managing Silsbee's operations.

Vicarious Liability for a Health Care Liability Claim

On April 10, 2012, Oak Management and Burmont moved to dismiss the claims against them because they had not been served with an expert report within the 120 day period allowed to serve expert reports under the TMLA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2011). The Boggans did not challenge whether they had served Oak Management and Burmont with an expert report;[2] instead, they argued that because they sought to impose liability on these entities on a theory of vicarious liability, no report is required.

Muriel's injury and death relate to the allegedly inadequate care that she received while a resident in Silsbee's nursing home. The Boggans concede that Silsbee's facility is a nursing home, and that their claim against Silsbee is a health care liability claim. With respect to their claims against Oak Management and Burmont, the Boggans argue that the TMLA does not apply because their amended petition asserts purely vicarious liability claims.

---

[2]Copies of the expert reports were attached to the original petition served on Silsbee through its registered agent. The Boggans have neither argued, at trial or on appeal, that they served a copy of the report on Oak Management, Burmont, or their counsel within 120 days of having added them to the suit, nor can we determine from the record that Oak Management and Burmont, or its counsel, were provided with copies of expert reports within the 120 day period that is at issue.

The Boggans' argument is foreclosed by a recent opinion of the Texas Supreme Court. *See Loaisiga v. Cerda*, No. 10-0928, 2012 WL 3800322 (Tex. Aug. 31, 2012). In *Loaisiga*, the two plaintiffs sued Dr. Loaisiga and his professional association, but did not allege an act of negligence by the P.A. *Id.* at *1, *11. The Corpus Christi Court of Appeals held the TMLA did not apply because the plaintiffs had not asserted a health care liability claim against the P.A. *See Loaisiga v. Cerda*, No. 13-09-00666-CV, 2010 WL 3049086, at *5 (Tex. App.—Corpus Christi Aug. 5, 2010) (mem. op.), *reversed,* No. 10-0928, 2012 WL 3800322 (Tex. Aug. 31, 2012). However, in reversing the judgment of the Court of Appeals, the Supreme Court stated "the expert report requirements are triggered when a plaintiff names a person or entity as a defendant and seeks to obtain relief from that defendant based on facts that possibly implicate the TMLA." *Loaisiga*, 2012 WL 3800322, at *11. Even though the P.A. would only be vicariously liable for the doctor's conduct, the Supreme Court determined that "the TMLA's expert report requirements apply to the claims against the P.A. just as they do to the claims against Dr. Loaisiga individually." *Id.* *12.

Because the Boggans assert a health care liability claim against Silsbee, their claims against Oak Management and Burmont are also health care liability claims. *Id.* at *12. As a result, the Boggans were required to serve an expert report on these defendants under the TMLA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Although not relevant in this case, we note that health care claimants may be able to satisfy the TMLA by serving a defendant with a copy of an expert report that adequately addresses the

4

conduct of the medical provider who committed the conduct if the defendant's liability is purely vicarious. *See*, *e.g.*, *Hiner v. Gaspard*, No. 09-07-240 CV, 2007 WL 2493471, at *5 (Tex. App.—Beaumont Sep. 6, 2007, pet. denied) (mem. op.); *In re CHCA Conroe, L.P.*, No. 09-04-453 CV, 2004 WL 2671863, *1 (Tex. App.—Beaumont 2004, orig. proceeding). Nevertheless, the TMLA requires an expert report be served "on each party or the party's attorney" after the claim is filed, and that was not done here. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).

We hold the trial court abused its discretion by denying Oak Management's and Burmont's motion to dismiss. We sustain the sole issue presented for review.

Remedy

We reverse the trial court's order denying the motion to dismiss filed by Oak Management Services, Inc. and Burmont, Inc., and we remand the case to the trial court with instructions to dismiss the claims against Oak Management Services, Inc. and Burmont, Inc., with prejudice. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2). We further instruct the trial court to consider the requests of these defendants for attorney's fees and costs. *See id*. § 74.351(b)(1); *Omaha Healthcare Ctr., LLC v. Johnson*, 344 S.W.3d 392, 396 (Tex. 2011).

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on September 12, 2012
Opinion Delivered October 25, 2012
Before Gaultney, Kreger, and Horton, JJ.

5